## FROEBER–NORFLEET, Inc., v. SOUTHERN RY. CO. et al.

### No. 1656.

District Court, N. D. Georgia.

Oct. 3, 1934.

John T. Money and Mac Asbill, both of Washington, D. C., and Watkins, Asbill & Watkins, all of Atlanta, Ga., for plaintiff.

Charles Clark, of Washington, D. C., and McDaniel, Neely & Marshall, of Atlanta, Ga., for defendants.

UNDERWOOD, District Judge.

This is an action to enforce reparation awards of the Interstate Commerce Commission. The ruling grows out of three separate proceedings before the Commission —Dockets 20928, 22645, and 22398. All three assailed rates on carload shipments of bananas from Charleston, S. C., as unreasonable and in violation of section 1 of the Interstate Commerce Act (49 USCA § 1).

Complaint in Docket 20928 was filed April 13, 1928, in Docket 22645 August 7, 1929, and in Docket 22398 June 11, 1929, and the sole issue presented before the Commission was one of reparation and did not involve rates for the future.

The Commission, by Division 3, on November 19, 1929, entered its report in Dock-

ets 20928 and 22645, holding that: "We find that the rates assailed were not unreasonable. The complaints will be dismissed." On the same date it entered its formal order dismissing the complaints.

Complainants in these two dockets, on December 9, 1929, filed their petition for "a rehearing, reconsideration, and/or modification of report of Division 3," which was denied by an order of the Commission issued on February 3, 1930. Complainants in these two dockets, on March 6, 1930, filed another petition "for reconsideration and/or modification of report of Division 3," which was denied by order of the Commission on April 7, 1930.

The Commission, by Division 3, on May 15, 1930, rendered its report in Docket 22398, and held: "We find the rates assailed are not unreasonable or otherwise unlawful. The complaint will be dismissed." On the same date the Commission issued its order dismissing the complaint.

Complainant in Docket 22398, on July 10, 1930, filed petition "for rehearing of said proceeding," which was denied by order of the Commission issued on July 22, 1930.

Complainants in Dockets 20928 and 22645, on August 10, 1931, filed another petition requesting that the said proceeding "be reopened for reconsideration and for the modification of the decision of Division 3," and complainants in Docket 22398, on August 27, 1931, likewise filed another petition requesting that the proceeding "be reopened for rehearing and for modification of the decision of Division 3."

The Commission, upon these petitions, on November 3, 1931, ordered "that these proceedings be and they are hereby reopened for reconsideration on the record as made."

Without further hearing, the Commission, on December 7, 1931, entered its report in said three dockets, therein referring to and following a decision in another and wholly separate proceeding, involving rates on bananas from Charleston, S. C., to the same general destination territory, in which decision it had found the rates therein assailed unreasonable (Carolina Shippers' Ass'n v. A. C. L. R. Co., 177 I. C. C. 161, July 14th, 1931), and thereupon found the rates involved in these cases to be unreasonable and that complainants were entitled to reparation. Following this report, the Commission, upon further hearing to determine the amount of reparation, entered its order for the enforcement of which the present action was brought.

Defendants filed their general demurrer to plaintiff's petition in this case, and this hearing is upon said demurrer.

■ Defendants contend that the Commission, having found the rates in question not unreasonable, could not, under the ruling in Arizona Grocery Co. v. Atchison, T. & S. F. R. Co., 284 U. S. 370, 52 S. Ct. 183, 76 L. Ed. 348, thereafter condemn them and award reparation. The cited case differs very materially from the case at bar. In the former, future rates were actually prescribed by the Commission and the freight thereafter moved under them; while in the present case, even if the Commission's finding that the rates in question were not unreasonable be deemed an approval of them, the freight had already moved under said rates before the Commission had, even impliedly, approved them, and such action of the Commission could not have misled defendants at the time they charged and collected the rates afterwards condemned. The Arizona Grocery Company Case is not applicable.

■ Another contention is that the order awarding reparation was void and unenforceable in the case because the Commission had lost jurisdiction over the case by virtue of the fact that it had previously disposed of the cases by final orders which were not reviewed, nor, at the time it undertook to reconsider same, reviewable, because of lapse of time, in any proceeding authorized by statute or rules of the Commission.

If the awards of reparation in question were made by orders which the Commission had lost power to make, of course plaintiff's could not prevail in this suit, and same should be dismissed on demurrer.

The determination of this question depends upon the construction of sections 16a and 16 (6) of the Interstate Commerce Act (49 USCA §§ 16a, 16 (6) and rule 15 of the Rules of Practice of the Interstate Commerce Commission.

Section 16a of the Interstate Commerce Act provides that applications for rehearing may be made "at any time" and "shall be governed by such general rules as the commission may establish."

Section 16 (6) provides: "The commission shall be authorized to suspend or modify its orders upon such notice and in such manner as it shall deem proper."

The only rule of the Commission which places any limitation upon the filing of petition for reopening a proceeding for rear-

gument, rehearing, reconsideration, or modification of an order is rule 15 (e), which provides that: "A petition for rehearing that part of any case relating to reparation must be filed within sixty days after service of the report therein."

It will be observed that this limitation is upon the filing of a petition by a party and not upon the Commission itself. The Commission has not, by any rule, imposed any time limit upon itself for the reopening and reconsideration of a case, nor is there any statute which does so, in the absence of a rule of the Commission effecting such limitation. On the other hand, section 16 (6) of the act expressly authorizes the Commission "to suspend or modify its orders upon such notice and in such manner as it shall deem proper." The Commission may properly, under its rule 15 (e), deny a party the right to file a petition for rehearing in a reparation case unless it be presented within 60 days, but I do not see anything in this rule to prevent the Commission, on its own motion, from reconsidering and reversing or modifying one of its orders, whether the matter be brought to its attention by a petition, which a party could not file as a matter of right, or in some other way.

The Commission has so construed its powers and rules, and the construction by an administrative body of its own rules should be given great weight, especially where they do not contravene any statute.

Whether it is wise for such power to be reposed in the Commission, or such latitude afforded with respect to reopening cases and leaving such matters in doubt for great periods of time, is not a matter for the courts, but for Congress, to determine. There is no common-law statute of limitations.

With respect to the contention that the Commission's findings were based upon evidence outside the records of the case being considered, it is enough to say that this does not appear from the allegations of the petition with sufficient certainty for the court to hold, on general demurrer, that same is true as a matter of fact. There may be some ambiguity in the report of the Commission, with respect to their reference to the case of Carolina Shippers' Ass'n v. A. C. L. R. Co., 177 I. C. C. 161; but it seems reasonably clear that the Commission did not go outside of the record but considered the case "on the record as made." At any rate, the ambiguity, if any, is not of such character as to make the petition subject to general demurrer.

It is therefore ordered and adjudged that the general demurrer be, and the same is hereby, overruled.