243 F.2d 748
 A. V. AMMANN, George K. Bramley, Federal Home Loan Bank of San Francisco, Appellants,
v.
HOME INVESTMENT CO. et al., Appellees.
LONG BEACH FEDERAL SAVINGS & LOAN ASSOCIATION, Title Service Company, Robert H. Wallis, Appellants,
v.
FEDERAL HOME LOAN BANK OF SAN FRANCISCO et al., Appellees (two cases).
 No. 14587.
 No. 14632, Undocketed.
 United States Court of Appeals Ninth Circuit.
 April 15, 1957.
 Rehearing Denied May 17, 1957.
 
 George Cochran Doub, Asst. Atty. Gen., Paul A. Sweeney, Donald B. MacGuineas, Attorneys, Dept. of Justice, Mose Silverman, Asst. General Counsel, Home Loan Bank Board, Washington, D. C., Verne Dusenbery, Portland, Ore., Philip H. Angell, Robert M. Adams, Jr., San Francisco, Cal., Sylvester Hoffmann, Los Angeles, Cal., for appellants in No. 14587 and for appellees in No. 14632.
 Charles K. Chapman, John D. Miller, F. Henry NeCasek, Long Beach, Cal., Wyckoff Westover, Raymond Tremaine, Los Angeles, Cal., for appellees in No. 14587 and for appellants in No. 14632.
 Before STEPHENS, HEALY and BONE, Circuit Judges.
 BONE, Circuit Judge.
 
 I.
 
 1
 We have before us for disposition in the instant proceeding a motion of movents Federal Home Loan Bank of San Francisco, (hereafter referred to as "Bank") Home Loan Bank Board, A. V. Ammann and George K. Bramley praying for an order of this Court which directs remand and dismissal of certain appeals from the United States District Court for the Southern District of California which are now pending in this Court. We set out verbatim in the margin the pertinent portions of the motion of the moving parties.[1]
 
 
 2
 Parties in and to the Mallonee Litigation who are before us opposing the granting of the motion of movents in the instant proceeding are: Long Beach Federal Savings and Loan Association; Mallonee, Fergus and Bucklin, as the Shareholders Protective Committee of Long Beach Federal Savings and Loan Association; Title Service Company, John D. Willhoit; Robert H. Wallis; Home Investment Company; First Federal Savings and Loan Association of Bellflower, and their respective attorneys. Said Long Beach Federal Savings and Loan Association will sometimes be referred to herein as "Association." All of these parties (save possibly Willhoit and the Bellflower Association) have been active participants in this litigation since its inception in 1946.
 
 
 3
 The motion of movents in the instant proceeding presents a phase of a controversy extending over a period of more than ten years. It has frequently been referred to as the "Mallonee Litigation," or the "Mallonee Case," and its boundaries have been obscured by innumerable complexities enshrined in masses of pleadings which long ago produced a record of unmanageable proportions. This long litigation has been the subject of several opinions of this Court which we note in the margin,[2] and it has also been before the Supreme Court upon a number of occasions. Much of its almost incredible history is set out in the several opinions and decisions cited in the various footnotes appended to this opinion. The latest opinion and decision of this Court was issued on July 18, 1955 in what was designated as Proceeding No. 14378 in this Court and is reported in 225 F.2d 349. The moving parties herein rely heavily on this opinion and decision, and for convenience it will herein be generally referred to as "Proceeding No. 14378."
 
 
 4
 In and by our decision in Proceeding No. 14378, this Court issued its Writ of Mandamus directed to the Honorable Pierson M. Hall, District Judge of the District Court of the United States for the Southern District of California, Central Division (also sometimes referred to herein as Judge of the District Court, or as the lower court), the full text of our said Writ appearing at pages 386 to 390 of our above noted decision. This Writ ordered and directed (inter alia) the said Judge, upon receipt of our said Writ to
 
 
 5
 "(1) Dismiss forthwith Civil Action No. 5421 and all pleadings and proceedings therein in said District Court; and (2) to dismiss such of the following pleadings in Civil Action 13979 in said District Court as have not heretofore been dismissed, to wit:
 
 
 6
 (a) "Cross-Claim filed by Long Beach Federal Savings and Loan Association
 
 
 7
 (b) "Third party complaint filed by Long Beach Federal Savings and Loan Association
 
 
 8
 (c) "Complaint in intervention and interpleader of Title Service Company
 
 
 9
 (d) "Complaint in intervention of Robert H. Wallis
 
 
 10
 (e) "Complaint in intervention of John D. Willhoit
 
 
 11
 (f) "Cross-claim of Home Investment Co.
 
 
 12
 (g) "and all other cross-claims, third party complaints, interventions and interpleaders, motions and proceedings in said action No. 13979, which bring in question (a) the validity of the appointment of A. V. Ammann, as Conservator of Long Beach Federal Savings and Loan Association; and (b) that said A. V. Ammann was validly authorized to act as the Conservator of said Long Beach Federal Savings and Loan Association, during his tenure as Conservator; (c) that said Mallonee, Bucklin and Fergus and said Long Beach Federal Savings and Loan Association are precluded by their failure to resort to the administrative remedy tendered them by the Federal Home Loan Bank Administration in connection with the appointment and conduct of said Conservator, from obtaining any judicial relief based on the alleged invalidity of the appointment of said A. V. Ammann as Conservator of said Long Beach Federal Savings and Loan Association or on his alleged lack of authority to act as the Conservator of said Association during his tenure as Conservator; (d) the legality of the action of the Federal Home Loan Bank Administration in liquidating, reorganizing and dissolving the Federal Home Loan Bank of Los Angeles, in transferring its assets and liabilities to the Federal Home Loan Bank of Portland, in changing the name of said Federal Home Loan Bank of Portland to Federal Home Loan Bank of San Francisco, and in moving it to San Francisco; or (e) the present legal existence of the Federal Home Loan Bank of San Francisco as the duly authorized Federal Home Loan Bank for the Eleventh Home Loan Bank district as readjusted by Federal Home Loan Bank Administration Order No. 5083, dated March 29, 1946." (Emphasis supplied.)
 
 
 13
 Thereafter, and on November 4, 1955, the said lower court filed with this Court a certificate bearing date of November 3, 1955, setting forth that "in accordance with the * * * provisions of said `Writ of Mandamus' it is so ordered, adjudged and decreed." The lower court further certified to this Court under said date that the Clerk of that court had also complied with the terms of our Writ of Mandamus insofar as he was directed to do so, as evidenced by the certificate of compliance executed by said Clerk.
 
 
 14
 This Court was thus formally advised, and therefore must and does assume, that each and every pleading referred to in our said Writ of Mandamus issued in Proceeding No. 14378, along with "all other cross-claims, third party complaints, interventions and interpleaders, motions and proceedings in said Action No. 13979," which under our said Writ were directed to be dismissed by the lower court, were in fact dismissed by that court under its judgment and decree of November 3, 1955, just above noted.
 
 
 15
 Aside from the command in our above noted Writ of Mandamus which directed the judge of the lower court to forthwith dismiss Action No. 5421 and all pleadings and proceedings in that action, our said Writ also ordered and directed the dismissal of certain pleadings in Action No. 13979. Action No. 13979 was frequently referred to in our (latest) decision in Proceeding No. 14378 as the "note case,"[2] (see 196 F.2d at pages 354, 362, 363, 364, 365, 367, 370, 376, 377, 385) and for convenience that term may be used herein to identify Action No. 13979. It is still pending in the lower court.
 
 
 16
 We cite in the margin the several reported opinions and decisions of the lower court,[3] and any reference herein to that court is also intended to apply to and include its presiding judge. The latest reported decision of the lower court was dated September 16, 1954, and appears in 122 F.Supp. 960. A preceding decision of the lower court, dated June 10, 1954 (as corrected June 29, 1954) and reported in 122 F.Supp. 401, directed the formulation and subsequent entry of the orders and/or judgments which appear in the decision issued on September 16, 1954. These two decisions of the lower court assume vital importance in the instant proceeding because they gave rise to the issues which were presented to and directly decided by this Court in Proceeding No. 14378, supra. They also related directly to and (taken together) disposed of vital issues then being tendered for decision in the note case. The final adjudication appears in 122 F.Supp. 960.
 
 
 17
 As appears in our decision in Proceeding No. 14378, 225 F.2d at page 351, the petition upon which that decision was based was filed by petitioners with this Court on June 4, 1954. This petition was submitted after lengthy argument of counsel thereon, and remained pending in this Court until our said decision of July 18, 1955 in Proceeding No. 14378 was issued.
 
 
 18
 As our decision therein indicates, the respondents before this Court in Proceeding No. 14378 were Honorable Pierson M. Hall, Judge of the lower court and various litigants in the Mallonee Litigation, to wit: (1) Association, (2) Mallonee, Bucklin and Fergus, acting as the Shareholders Protective Committee of Association, (3) Title Service Company, (4) Robert H. Wallis, (5) First Federal Savings and Loan Association of Wilmington, (6) Home Investment Company, (7) George Turner, (8) First Federal Savings and Loan Association of Bellflower and (9) John D. Willhoit.
 
 
 19
 On Movents' motion in the instant proceeding, all of said respondents named in Proceeding No. 14378 were before us save and except First Federal Savings and Loan Association of Wilmington and George Turner.
 
 
 20
 At or about the time of the filing with this Court of the petition for Writs of Mandamus, Injunction and other relief in Proceeding No. 14378, to wit, at or about June 4, 1954, certain proceedings were being had and/or were pending in the lower court on motions filed in that court by Bank, the plaintiff in the note case (Action 13979). The action of the lower court in dealing with and ultimately disposing of these motions (along with other matters then before the court) is set out in the two latest opinions and decisions of that court already noted. The first of these two decisions was dated June 10, 1954, as "corrected" by the lower court on June 29, 1954. It thus appears that this particular decision, directing that forms of orders and judgments be prepared by the prevailing parties (to be later entered by the lower court), was formally entered by the lower court during the pendency in this Court of the aforesaid Petition for Writs of Mandamus and Injunction and other relief, which if granted by this Court, would directly affect the ultimate disposition of all of the material issues posed in the motions of Bank then before the lower court and made the subject of its ultimate and final decision reported in 122 F.Supp. 960. At the time this final decision of the lower court was rendered, Proceeding No. 14378 was also still pending for decision in this Court, a fact well known to all parties to the proceedings in the lower court which eventuated in the rendition of the two lower court decisions here noted. We refer to these matters in the following two paragraphs.
 
 
 21
 In the above noted first decision the lower court recited 122 F.Supp. at pages 407, 408, that it had before it "eleven undecided matters in case No. 13979" (to which we later refer). These "matters" mentioned by the court were motions then and there being tendered by plaintiff Bank and they are directly related to the motions now made by certain movents in the instant proceeding. Bank's said motions in the lower court were, inter alia, to (1) dismiss Homeowners cross-claim for quiet title, (2) strike and drop Home Investment Company as a party, (3) dismiss cross-claim of Association and strike said cross-claim, (4) vacate order granting leave to Title Service Company to intervene and to file its complaint in intervention and interpleader, and to strike said pleading, and to dismiss said complaint in intervention, (5) dismiss third party complaint of Association, (6) vacate order granting leave to Robert H. Wallis to intervene and to file his complaint in intervention and interpleader, and to strike said pleading, and to dismiss said complaint in intervention, (7) strike from answer of Association filed June 5, 1953.
 
 
 22
 In our decision of July 18, 1955 in Proceeding No. 14378, this Court also set forth therein its Writ of Injunction, 225 F.2d at pages 391 to 394. For the reasons set forth in our said opinion and decision, our said Writ of Injunction ordered that Respondents (1) Mallonee, Bucklin and Fergus, and any other shareholder members of Association, (2) said Association, (3) said Title Service Company, (4) said Robert H. Wallis, and (5) said Home Investment Company, their officers, agents, servants, employees and attorneys, and all persons acting in active concert or participation with them be, and they were perpetually enjoined and restrained from instituting, maintaining or prosecuting in said Civil Actions Nos. 13979, 15588, 17133, 17152, 17153 and 17154, or in any other suit or action now pending or which may be hereafter brought in said District Court of the United States for the Southern District of California, or in any other court, any action, pleading, or motion bringing in question (1) the validity of the appointment of A. V. Ammann as Conservator of said Long Beach Federal Savings and Loan Association; (2) that said A. V. Ammann was validly authorized to act as the Conservator of said Long Beach Federal Savings and Loan Association during his tenure as Conservator; (3) that said Mallonee, Bucklin and Fergus and said Long Beach Federal Savings and Loan Association are precluded, by their failure to resort to the administrative remedy tendered them by the Federal Home Loan Bank Administration in connection with the appointment and conduct of said Conservator, from obtaining any judicial relief based on the alleged invalidity of the appointment of said A. V. Ammann as Conservator of said Long Beach Federal Savings and Loan Association or on his alleged lack of authority to act as the Conservator of said Association during his tenure as Conservator; (4) the legality of the action of the Federal Home Loan Bank Administration in liquidating, reorganizing and dissolving the Federal Home Loan Bank of Los Angeles, transferring its assets and liabilities to the Federal Home Loan Bank of Portland, in changing the name of the said Federal Home Loan Bank of Portland to Federal Home Loan Bank of San Francisco and in moving it to San Francisco; or (5) the present legal existence of the Federal Home Loan Bank of San Francisco as the duly authorized Federal Home Loan Bank for the Eleventh Home Loan Bank district as readjusted by Federal Home Loan Bank Administration Order No. 5083, dated March 29, 1946.
 
 
 23
 The specific commands set forth in the above noted Writs of Mandamus and Injunction issued by this Court in Proceeding No. 14378, reported in 225 F.2d 349 and the conclusions and holdings of this Court upon which these writs were rested, were later vigorously assailed in the Supreme Court of the United States in both certiorari and appeal proceedings. Certiorari was denied, and an appeal from our decision taken by Association, Title Service Company and Home Investment Company was dismissed. (See footnote 2 for details.) In these certiorari and appeal proceedings an amicus curiae brief challenging the validity of the Writ of Mandamus issued against Honorable Pierson M. Hall, Judge of the lower court, was filed on behalf of said Judge. An amicus curiae brief supporting the claims of appellants Association, Title Service Company and Home Investment Company and challenging the validity of both the said Writ of Mandamus and the Writ of Injunction against certain litigants, was also filed by the Attorney General of California. The various documents filed in the Supreme Court in the said certiorari and appeal proceedings (of which we take judicial notice) reveal that each and all of the material issues considered and disposed of in our said decision in Proceeding No. 14378 were subjected to a most critical examination and appraisal by the parties there seeking to bring about a reversal of that decision.
 
 
 24
 Action No. 13979 was one of the principal subjects discussed in the last two reported decisions of the lower court, and this action was also considered at length in the decision rendered by this Court in said Proceeding No. 14378. In the margin we indicate the character of this action.[4]
 
 II
 
 25
 In opposition to movents' motion in the instant proceeding, Association filed with this Court a formal written "response" in which it not only challenged the validity of all grounds upon which movents' motion was based, but ranged far beyond the orbit of that motion. Its purport is that several of the most basic and highly controversial issues presented throughout the entire Mallonee Litigation which were the subject of, and disposed of, in decisions of this Court (and fall within the scope of movents' motion) were not therein disposed of by this Court and are still pending for trial on the merits in the lower court. We disagree with this sort of argument for to accept it would force this Court to conclude that our several decisions have settled nothing insofar as concerns the particular issues which are the subject of this opinion. These broad and sweeping claims were reiterated in Association's oral argument on movents' motion. They were advanced in face of and despite the effect of the several decisions of this Court and the actions of the Supreme Court of the United States thereon in certiorari and appeal proceedings in which these decisions were squarely presented to that Court. (See footnote 2.)
 
 
 26
 Association's "response" is very lengthy and we summarize those parts of its arguments which we regard as pertinent and material to a decision which disposes of the specific issues tendered in movents' motion. Before reaching these arguments against remand and dismissal of certain actions here on appeal, the exact position and identity of the parties before us in the instant proceeding should be made plain.
 
 
 27
 Aside from Association, four other parties in the Mallonee Litigation appeared in this proceeding in opposition to the granting of movents' motion. These parties filed "joinders" in which (without argument) they merely adopted all of the arguments set forth in Association's formal "response." These four parties so allied with Association are Robert H. Wallis, Home Investment Company, Mallonee, Fergus and Bucklin, and Title Service Company. Their importance in the whole picture stems from the fact that since the inception of the Mallonee Litigation (1946) they have at all times been closely allied with Association and have been active participants in every important phase of the entire litigation. They also joined Association in the petition to the Supreme Court for certiorari to review the decision of this Court in Proceeding No. 14378. Furthermore, two of these here joining parties litigant (Title Service Company and Home Investment Company) also joined with Association in an appeal to the Supreme Court of the United States from our said decision in Proceeding No. 14378.
 
 
 28
 In our first formal opinion in the Mallonee Litigation reported in 196 F.2d 336, at pages 340 to 351, inclusive,[2] we carefully identified the here named four "joining parties" and noted their important status in the Mallonee Litigation. By reason of the facts above noted, we now have before us in the instant proceeding the most prominent and aggressive of the original active parties in the Mallonee Litigation, and the enormous record in that litigation bespeaks the fact that the four parties here joining with Association have at all times pertinent to our inquiry also joined with Association in questioning the validity of all material claims now relied on by movents in the instant proceeding as well as assailing the claims of petitioners in Proceeding No. 14378.
 
 
 29
 The propositions here advanced by Association in response to movents' demands first point out that Association is "one of the appellees in Appeal No. 14587"; and "one of the appellants in Appeal No. 14632 and (also) in the so-called undocketed cases" (considered in Part III, infra). (Emphasis supplied.)
 
 
 30
 In defining what it refers to as "the nature of (its) opposition" to movents' motion, Association assures us that it is not attempting in its "response" to brief or submit the merits of these several appeals but seeks merely to show that there are "20 or more vital substantial undecided issues which should not be now decided" in the instant motion proceeding. Its position is further made plain by its blunt denial (a) "that all the issues of said appeals have already been determined and adjudicated," and (b) "that no substantial legal issue remains for adjudication." Cast in this form, the averment therein "that many (more than 20) substantial issues of fact and law presented by said appeals remain unheard and undecided by this, or any, appellate court," serves to further highlight its basic contention in the instant proceeding that these issues remain pending for trial in the court below. In this connection it claims that it has "meritorious defenses" to Appeal No. 14587, and also "meritorious grounds" for appeal, as appellant, in Appeal No. 14632. In short, the controversial issues in these two cases (which are also the subject of movents' motion in the instant proceeding) were not disposed of in decisions of this Court and thus remain for trial on the merits in the lower court. So runs the argument of Association so far as concerns appeals Nos. 14587 and 14632 now docketed and pending in this Court and with which appeals we are also presently concerned. (Emphasis supplied.)
 
 
 31
 The gist of the foregoing contention is embraced in the claim that movents' motion is an "attempt to cut off every right" of parties adverse to movents "to be heard on the merits" in the lower court. The tenor and purport of arguments thus advanced in Association's formal written "response," along with its oral arguments at the hearing on movents' motion reflect the idea that to the extent decisions of this Court in any wise run counter to Association's arguments, then, and to that extent, they should now be modified and/or overruled.
 
 
 32
 It would serve no useful purpose to here rehash or restate the record upon which this Court rested any of its decisions referred to in footnote 2, including the decision in Proceeding No. 14378 which underlies the Writs of Mandamus and Injunction set forth in that decision. As we have previously noted, our decision in Proceeding No. 14378 was also vigorously assailed by these here opposing parties in certiorari and appeal proceedings in the Supreme Court of the United States.
 
 III
 
 33
 In Part I of this opinion we noted several important procedural steps in the Mallonee Litigation (all of which relate directly to the issues posed by movents' motion in the instant proceeding). With these steps a matter of record, we now turn to the specific requests for the forms of relief voiced in this motion.[1] The specific relief therein sought is in connection with two appeals docketed and pending in this Court under our numbers 14587 and 14632. Both appeals stem from the so-called Mallonee Litigation all as below noted.
 
 Appeal No. 14587
 
 34
 In this case two appeals were docketed in this Court on November 22, 1954 and consolidated under our number 14587. Both appeals were taken by movents in the instant proceeding from orders entered by the lower court on September 16, 1954 in Action No. 13979 (note case). The full text of these orders appears in 122 F.Supp. 960. One notice of appeal was filed by A. V. Ammann and George K. Bramley, cross-defendants in the note case. The other notice of appeal was filed by Bank, plaintiff and cross-defendant in the note case.
 
 
 35
 In the instant proceeding movents have moved, inter alia, for an order of this Court remanding appeal proceeding No. 14587 to the lower court with directions to: (1) Vacate Order for Summary Judgment entered in Action No. 13979 (note case) in the lower court on September 16, 1954; (2) Vacate Order for Deposit in Registry of Court U. S. Government Bonds, etc., also entered in Action No. 13979 (note case) on September 16, 1954.
 
 
 36
 Movents' motion for the order here sought is grounded on the contention of movents that the principal issues sought to be raised in these appeals from the two orders above noted have already been determined and adjudicated by this Court in the above noted and related proceeding No. 14378, so that no substantial legal issue remains for adjudication.
 
 
 37
 Examination of the orders so entered by the lower court and reported in 122 F. Supp. 960, reveals that in the note case then before that court, it ordered and directed the reimpound in the registry of the lower court of cash and government bonds initially impounded in the original Mallonee Action (Action No. 5421 in the lower court). In our opinion reported in Proceeding No. 14378 we took cognizance of this reimpound order and therein ruled that any such order constituted a violation of this Court's 1953 mandate. At pages 377 and 380 of 225 F.2d in our said opinion we said:
 
 
 38
 "* * * under the mandate of this Court the bank was entitled to receive out of funds on deposit in the court a large sum as collateral security. This mandate (of May 21, 1953) was issued in the consolidated actions and under its terms San Francisco Bank was clearly entitled to forthwith receive delivery of substituted collateral from the funds now in court, and we so hold." 225 F.2d 377.
 
 
 39
 "From the foregoing, we conclude and therefore hold and direct that if any order or orders of Respondent Judge of the District Court invade such impounded funds to an extent or degree which results in diminishing the total amount of the presently impounded funds and assets below the full amount required to be delivered to San Francisco Bank pursuant to our mandate, Respondent Judge is hereby ordered and directed to forthwith vacate such order or orders, or modify them to conform to the views here expressed." 225 F.2d at page 380.
 
 
 40
 Pursuant to the terms of our above noted Writ of Mandamus (issued in Proceeding No. 14378) the Clerk of the lower court delivered over to Bank the property which is the subject of the aforesaid reimpound order, all as indicated in Part I, supra. This reimpound order presently constitutes a violation of our said Writ of Mandamus and must be vacated. Cause No. 14587 is hereby remanded to the lower court with directions to that court to forthwith vacate the said order and/or judgment directing the reimpound of the said funds.
 
 
 41
 Movents' motion in the instant proceeding also relates to and assails the order of the lower court which granted motions for summary judgment quieting title in proceedings in the said note case. This order, entered on September 16, 1954, was based upon the then pending cross-claim of Home Investment Company and the complaint in intervention of Title Service Company. In Part I of this opinion we pointed out that subsequent to the entry on September 16, 1954 of the said order of the lower court which was appealed from, this Court had ordered and directed in its Writ of Mandamus issued as aforesaid on July 18, 1955, 225 F.2d 349, 388 in Proceeding No. 14378, that each of the said complaints in intervention and cross-claims upon which the said motions for summary judgment in the said note case were predicated, should be dismissed. As indicated in Part I above, the lower court duly certified to this Court that on November 3, 1955 it had entered orders dismissing said pleadings in their entirety "in accordance with" our Writ of Mandamus. In short, on this record, there are no longer any pleadings in the note case to support the said summary judgment and it should be vacated.
 
 
 42
 Cause No. 14587 is hereby remanded to the lower court with directions to that court to forthwith vacate the said order for summary judgment and vacate the said summary judgment entered pursuant to said order.
 
 
 43
 Furthermore, this Court has held that the pleadings on which the said summary judgment was based raised the identical issues already adjudicated by this Court in our case No. 12511 and hence violated this Court's mandate on that appeal. 225 F.2d at pages 364, 369-370. Accordingly, the said summary judgment based on these pleadings must of necessity and as a matter of law be reversed on the authority of this Court's prior rulings.
 
 Appeal No. 14632
 
 44
 Movents' motion in the instant proceeding seeks dismissal of Appeal No. 14632 docketed in this Court on January 20, 1955. The motion is based on the ground that the issues involved in that appeal have already been determined. The various orders there appealed from were entered by the lower court on July 23, 1954 in proceedings in the note case wherein, and as below noted, the lower court directed the dismissal of a portion of the complaint in intervention and interpleader of Title Service Company, and the complaint in intervention of Robert H. Wallis. Under Appeal No. 14632 the four separate appeals to this Court from said orders were consolidated in this Court. The character of these appeals is noted just below.
 
 
 45
 Two of these four appeals in Proceeding No. 14632 were prosecuted by Association. One appeal by Association was from those parts of a judgment of the lower court (entered on July 23, 1954 in the note case) which dismissed the complaint in intervention and interpleader of Title Service Company as to first and second causes of action only; denying motion to vacate order granting leave to intervene, etc.; and denying motion to dismiss said complaint in intervention as to the third cause of action.
 
 
 46
 The second of the said four appeals in Proceeding No. 14632 was also prosecuted by Association. This appeal was from those parts of an order (entered by the lower court on July 23, 1954 in the note case) which parts of the said order denied motion to (1) vacate order granting Robert H. Wallis leave to intervene, and (2) striking his complaint in intervention and granting judgment of dismissal.
 
 
 47
 The third of the said appeals in Proceeding No. 14632 was prosecuted by Robert H. Wallis who appealed from those parts of an order of the lower court (entered on July 23, 1954 in the note case) which order denied motion to (1) vacate order granting Robert H. Wallis leave to intervene, and (2) striking his complaint in intervention and granting judgment of dismissal of said complaint in intervention.
 
 
 48
 The fourth of the said appeals in Proceeding No. 14632 was prosecuted by cross-defendant and plaintiff in intervention, Title Service Company, as trustee under the deeds of trust on the homes of approximately 8000 homeowners, and as a representative of the class of said homeowners. This appeal was from those parts of a judgment of the lower court (entered on July 23, 1954 in the note case) which parts of the said judgment dismissed the complaint in intervention and interpleader of Title Service Company as to the first and second causes of action, only; denying motion to vacate order granting leave to intervene, etc.; and denying motion to dismiss said complaint in intervention as to the third cause of action.
 
 
 49
 In the Writ of Mandamus, dated July 18, 1955, directed to the lower court by this Court, and appearing in our decision in Proceeding No. 14378, this Court specifically ordered and directed the lower court to dismiss in their entirety the said complaint in intervention and interpleader of Title Service Company, and the said complaint in intervention of Robert H. Wallis. These pleadings were on file in Civil Action No. 13979 (the note case). As noted in Part I, the lower court fully complied with that direction in its order of November 3, 1955. Since this Court has already ruled that both complaints here noted must be dismissed in their entirety, the present appeal from the lower court's above noted prior orders of dismissal cannot now present any substantial legal issue, and summary disposition of the appeal is therefore warranted. The above noted appeals docketed in this Court under our number 14632 must be, and hereby are, ordered dismissed.
 
 Two Undocketed Appeals
 
 50
 Part Three of movents' motion in the instant proceeding seeks an order of this Court dismissing two purported appeals to this Court by Association, Mallonee, Fergus and Bucklin as the Shareholders Protective Committee of Association, Title Service Company, John D. Wilhoit, Robert H. Wallis, Home Investment Company, and First Federal Savings and Loan Association of Bellflower. On December 30, 1955, the above named parties filed notices of appeal in the lower court in Actions No. 13979 and No. 5421. In each of said actions the purported and/or attempted appeal was from certain "judgments of dismissal in accordance with writ of mandamus." The said judgments of dismissal by the lower court had been entered by that court in compliance with and pursuant to the Writ of Mandamus issued by this Court in the aforesaid Proceeding No. 14378.
 
 
 51
 In the last paragraph of Part I of this opinion we noted that our decision in Proceeding No. 14378 was subsequently assailed in the Supreme Court of the United States in certiorari proceedings and by appeals from that decision. The petition for certiorari was denied and appeals from our decision were dismissed by that Court after the date of the filing in the lower court of the two notices of appeal here involved. The notices of appeal made reference to the then pendency of certiorari and appeal proceedings in the Supreme Court of the United States all as noted in the following paragraph.
 
 
 52
 As a sidelight on these purported appeals, we point out that the formal notice of appeal so filed in Civil Action No. 5421 also set forth the statement that:
 
 
 53
 "This appeal is in connection with:
 
 
 54
 "(a) Previous appeals by certain parties in Action No. 13979 from orders or judgments therein, which said appeals are yet pending undecided before said Court of Appeals; and
 
 
 55
 "(b) Appeals, certiorari or other U. S. Supreme Court review of the original proceedings numbered 14378 in said U. S. Court of Appeals, which said U. S. Supreme Court review has not yet been heard or determined."
 
 
 56
 The formal notice of appeal so filed in the purported appeal in Civil Action No. 13979 also set forth a statement of the same character as the one just above noted, including in this statement the language set out in (b) in the purported notice of appeal filed in Civil Action No. 5421.
 
 
 57
 This part of the motion of movents is made upon the ground that the said judgments of dismissal of the lower court which were dated November 3, 1955, are issued in the precise language directed by the aforesaid Writ of Mandamus of this Court issued in Proceeding No. 14378 and hence are not appealable.
 
 
 58
 These purported appeals, so filed as aforesaid in the lower court, were not timely docketed and perfected within the time required by the Federal Rules of Civil Procedure. In short, they were never filed or docketed in this Court.
 
 
 59
 Movents' motion in respect to the above matters is further based upon the record in Proceeding No. 14378 in this Court, and the record in Appeals Nos. 14587 and 14632, and also copies of notices of appeal, designation of the record and order extending time to docket, certified by the Clerk of the lower court, filed with this Court pursuant to Rule 75(j), Fed.Rules Civ.Proc., and movents' attached memorandum in support of their motions. The motion must be granted. On this record it is hereby ordered that the Clerk of this Court cause said purported appeals to be docketed in the office of said Clerk, and when so docketed, these purported appeals shall stand dismissed.
 
 
 
 Notes:
 
 
 [1]
 Come now Federal Home Loan Bank of San Francisco, Home Loan Bank Board, A. V. Ammann and George K. Bramley and move the Court that the following orders be entered with respect to pending appeals:
 
 
 *
 That an order of this Court be entered remanding the above-captioned proceeding No. 14587 to the District Court of the United States, Southern District of California, Central Division, with directions to:
 (1) Vacate Order for Summary Judgment entered in action 13979 in said District Court on September 16, 1954;
 (2) Vacate Order for Deposit in Registry of Court of U. S. Government Bonds, etc., entered in action 13979 in said District Court on September 16, 1954;
 on the ground that the principal issues sought to be raised in the appeals from said orders have already been determined and adjudicated by this Court in related proceeding No. 14378 in this Court, Federal Home Loan Bank v. Hall, 225 F.2d 349, so that no substantial legal issue remains for adjudication.
 With respect to the order for summary judgment, this motion is made on the further ground that the writ of mandamus issued by this Court in proceeding No. 14378 directed the District Court to dismiss and, pursuant to said writ, the District Court dismissed on November 3, 1955 the cross-claim of Home Investment Co. and the complaint in intervention of Title Service Company upon which the motion for summary judgment was originally based.
 II
 That an order of this Court be entered dismissing the appeals by Long Beach Federal Savings and Loan Association, Robert H. Wallis and Title Service Company (Appeal No. 14632) from the orders entered July 23, 1954 in Action 13979 in said District Court, which orders dismissed the first and second causes of action of the complaint in intervention and interpleader of Title Service Company and the complaint in intervention of Robert H. Wallis. Said motion is made on the ground that the issues raised by said appeals have been determined and adjudicated in No. 14378, and the writ of mandamus issued therein directed the District Court to dismiss and, pursuant to said writ, the District Court on November 3, 1955 entered orders dismissing the whole of said complaint in intervention and interpleader of Title Service Company and said complaint in intervention of Robert H. Wallis. Hence, the issues sought to be raised by said appeals have already been determined and adjudicated by this Court in related proceeding No. 14378 in this Court, so that no substantial legal issue remains for adjudication.
 III
 That an order of this Court be entered dismissing the purported appeals by Long Beach Federal Savings & Loan Association, Mallonee, Fergus and Bucklin as the Shareholders Protective Committee of Long Beach Federal Savings and Loan Association, Title Service Company, John D. Willhoit, Robert H. Wallis, Home Investment Company and First Federal Savings and Loan Association of Bellflower, wherein notices of appeal dated December 30, 1955 were filed in said District Court from certain "judgments of dismissal in accordance with writ of mandamus" entered by said District Court in actions No. 13979 and No. 5421 in said District Court, pursuant to writ of mandamus issued by this Court in No. 14378. Said motion is made on the ground that the said judgments of dismissal of the District Court dated November 3, 1955 are issued in the precise language directed by said writ of mandamus of this Court and hence are not appealable.
 This motion is made upon the further ground that said purported appeals have not been timely docketed and perfected within the time required by the Federal Rules of Civil Procedure.
 The foregoing motions are based upon the record in proceeding No. 14378 in this Court, the record in Appeals 14587 and 14632, and copies of notices of appeal, designation of the record and order extending time to docket, certified by the Clerk of said District Court, filed herein pursuant to Rule 75(j) Fed.Rules Civ.Proc., 28 U.S.C.A., and the attached memorandum in support of motions.
 
 
 [2]
 Home Loan Bank Board v. Mallonee, 9 Cir., 196 F.2d 336; Fahey v. O'Melveny & Myers, 9 Cir., 200 F.2d 420, certiorari denied in both of these cases on May 4, 1953, Mallonee v. Fahey, 345 U.S. 952, 73 S.Ct. 863, 97 L.Ed. 1374, rehearing denied June 8, 1953, 345 U.S. 978, 73 S.Ct. 1120, 97 L.Ed. 1393; Fahey v. Calverley (Federal Home Loan Bank v. Walker), 9 Cir., 208 F.2d 197, certiorari denied on April 26, 1954, Mallonee, Bucklin and Fergus v. Fahey, 347 U.S. 955, 74 S.Ct. 680, 98 L.Ed. 1100; Federal Home Loan Bank v. Hall, J., 9 Cir., 225 F.2d 349, certiorari denied Mallonee, Bucklin & Fergus v. Federal, etc., 350 U.S. 968, 76 S.Ct. 438, 100 L.Ed. 840, rehearing denied 351 U.S. 921, 76 S.Ct. 708, 100 L.Ed. 1452. The Supreme Court also dismissed anappeal involving substantially the same issues which had been presented along with petitions for certiorari, 351 U.S. 916, 76 S. Ct. 709, 100 L.Ed. 1449. These two proceedings in the Supreme Court were there numbered 611 and 731, respectively.
 
 
 [2]
 See note 2 on page 751
 
 
 [3]
 From its inception the United States District Court, Southern District of California, Central Division, Judge Pierson M. Hall presiding, has handled all phases of the "Mallonee Litigation." His reported opinions and decisions outline in great detail most of the vital aspects of this long litigation. The reported cases referred to are:
 Mallonee v. Fahey, D.C., 14 F.R.D. 273 (consolidated cases Nos. 5421 and 5678, Dec. 1, 1949); Mallonee v. Fahey, (Federal Home Loan Bank of Los Angeles v. Federal Home Loan Bank of Portland, D.C., 117 F.Supp. 259 (Civ. Nos. 5421, 5678, Nov. 30, 1953); Federal Home Loan Bank of San Francisco v. Long Beach Federal Savings and Loan Association (and other cases), D.C., 122 F.Supp. 401 (Civ. Nos. 13979, 5421-5678, June 10, 1954, as corrected June 29, 1954); Mallonee v. Fahey, (Federal Home Loan Bank of Los Angeles v. Federal Home Loan Bank of San Francisco) D.C., 122 F.Supp. 472 (Civ. Nos. 5421-5678, June 10, 1954); Federal Home Loan Bank of San Francisco co v. Long Beach Federal Savings and Loan Association, D.C., 122 F.Supp. 960 (Civ. Nos. 13979, 5421, Sept. 16, 1954).
 
 
 [4]
 The pendency of Action No. 13979 in the lower court (herein referred to as the note case) has, for several years, made this action a focal point of controversy as the reported opinions of the lower court will reveal. This action was originally instituted in March, 1952 by movent Bank solely against Association (no other parties defendant being named therein) in a state court of California and thereafter removed to the lower court. The relief therein sought against Association was foreclosure on certain collateral which had been pledged to Bank to secure payment to Bank of four promissory notes executed by movent Ammann during the period when Ammann was serving as the duly and lawfully appointed Conservator of Association. These notes were issued in the name of, and for and on behalf of Association to evidence the indebtedness of Association for "advances" made to Association by Bank during the tenure of movent Ammann. In opinions and decisions of this Court it has held that these four notes were lawfully executed and lawfully delivered to Bank by Ammann, as lawful evidences of the said indebtedness of Association to Bank
 The composition of the above mentioned collateral (along with certain unrescinded and binding agreements which inure to the benefit of Bank) delivered over to Bank pursuant to our above noted Writ of Mandamus, was described in "Exhibit A" set forth in said Writ, all as appears in our opinion and decision in Proceeding No. 14378. The agreements here mentioned are referred to and described on pages 967, 968, 977 of the lower court's opinion reported in 122 F. Supp., and on pages 409 to 412 in the lower court's opinion reported in 122 F. Supp.
 The records of the Mallonee Litigation indicate that Association and allied litigants in the instant proceeding who join Association in opposing the granting of movents' motion, have at all times here pertinent, bluntly denied Association liability of any kind or character on the four notes so issued in favor of Bank. This contention has been voiced in many pleadings filed in the note case by litigants opposing the claims of Bank wherein the validity of these notes was bluntly challenged and the question of their validity asserted to be an issue still before the lower court for decision. This denial of any and all liability of Association on the said notes has, at all times, rested on the contention and assumption that the appointment and service of movent Ammann as Conservator of Association (beginning back in 1946) were wholly invalid acts constituting an unlawful usurpation of power and authority over the affairs of Association. Based on this premise, it has been argued and asserted in said pleadings over the past years that movent Ammann's actions in executing these four notes in favor of Bank to evidence "advances" by Bank to Association, and delivering them to Bank, were without sanction in law; that no consideration ever passed to Association for such execution and delivery of the said notes, hence the notes do not and cannot evidence a lawful and valid debt of Association to Bank. Numerous and voluminous records filed throughout this litigation have persistently emphasized these contentions as a basic and fundamental position of Association and its allied parties in the instant proceeding. In decisions of this Court we have consistently repudiated this basic postulate and the Supreme Court of the United States has not seen fit to differ with this Court on that issue.
 
 
 [2]
 See note 2 on page 749