GABINO MARTÍNEZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, LUIS R. POLO, JUDGE, Respondent; MARCOS ALEMÁN ET AL., Interveners.

No. 2343. Decided October 13, 1961.

*Jorge Benítez Gautier* for petitioner. *F. Fernández Cuyar* and *A. Mieres Calimano* for interveners.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

By orders of July 31, 1956, the Economic Stabilization Administrator directed the appellant to reimburse to four of his tenants, defendants herein, the sum of $3,770.10. Upon the failure of the landlord to pay that sum within 30 days after the orders were issued, the tenants brought an action for recovery of triple the amount due as provided by § 8 of the Reasonable Rents Act, 17 L.P.R.A. § 188 (p. 520, 1961 ed.). The petitioner sought review of the orders of the Administrator and his petition was denied on the ground that it was filed untimely. Before judgment was entered in the action filed by the tenants against the landlord, petitioner requested the Administrator on November 29, 1956 to reconsider the orders of July 31, alleging that several errors had been committed.

We turn to consider one of the errors. One of the tenants occupied two premises in the same building for which he paid $138.30 monthly. By order of April 2, 1956, the rent for one of the premises was fixed at $130.25 and for the other at $2 monthly. An examination of the administrative record reveals that the mathematical computations for determining the amount of the reimbursement were based on the fact that there was only one final order fixing the maximum rent at $2 monthly. The other order of the same date regarding the other premises was not taken into account. It was therefore determined that the tenant had paid $136.30

monthly in excess of the $2 fixed by the Administrator, when the fact is that he had paid only $6.05 monthly in excess since the rent for the other premises had been fixed at $130.25. For this reason, by the order of reimbursement he was bound to pay $1,635.60, and by the judgment of the trial court $4,906.80, when all the landlord had collected in excess was $72.60.

The Administrator set for hearing the motion for reconsideration and reconsidered his orders setting them aside by an order of December 26, 1956. In the meantime, the tenants in the action for triple damages had moved for summary judgment. Based on the orders of July 31 whose reconsideration, as we have stated, had been sought on November 29, the trial judge complied on December 11, 1956. On December 27, 1956, or one day after the Administrator set aside the order of July 31, the landlord urged the trial judge to reconsider the summary judgment, inviting his attention to the fact that the Administrator had set aside the order of July 31 on which his decision had been based. This motion having been set for January 18, 1957, the trial court ratified on March 5 of that year its judgment of last December 11.

In support of his finding, the trial judge states that the motion for reconsideration made by the landlord on November 29, 1956 had been filed after the statute of limitations prescribed by the regulations of the Economic Stabilization Administration for moving for reconsideration, wherefore the Administrator had no authority to set aside the order of July 31. In fact, the Rules of Procedure of that agency provide in art. 14 that "the application for a new hearing, as well as the application for reconsideration seeking modification or revocation of the resolutions or orders of the Administrator, must be filed with the Administration within ten (10) days counted as of the date of the modification of the resolution or order of the Administrator." However,

694

§ 5d of the Reasonable Rents Act, 17 L.P.R.A. § 185 (vol. 4, 1961 ed.) provides: "The Administrator may make, amend or revoke, from time to time, such rules and regulations, orders, and determinations as he may deem necessary or proper in order to carry out the purposes of this Act."

■ We have on this date held in *Alers* v. *Superior Court*, *ante*, p. 676, that although the period granted by law to file a motion for reconsideration in a matter which was before the Public Service Commission had expired, it was not less true that the law authorized the Commission to reconsider *motu proprio* its orders. We held that the fact that the reconsideration was requested untimely did not prevent the Commission from reconsidering one of its resolutions under the authority vested in it by the law. And we have seen that a similar situation of law is present in the instant case.

■ Administrative agencies should have sufficient laxity to modify at any time their orders and resolutions as best conduce to justice and reason. Bearing in mind the facts of the instant case, how could the Administrator remain idle and permit the perpetuation of such injustice after inviting his attention to the fact that through inadvertence he issued an order of reimbursement which represents to the landlord the payment of a substantial sum? The basis of its existence as an administrative agency would be defeated: that justice shall prevail without the procedural strings of the courts of justice. In view of all the attendant circumstances in this case, the agency was clearly justified in setting aside its order at any time the error was brought to its attention. The statements made here apply to cases in which there has not been a judicial review of the order of the Administrator because the petition was filed untimely, as was done in the case at bar, or because no application was made. We expressly leave for consideration in an appropriate case the power to reconsider where judicial review of the order is sought. See

Schopflocher, *The Doctrine of Res Judicata in Administrative Law*, Wis L. Rev. 5, 15–16 (1942).

 The power of administrative agencies to reconsider their orders at any time it may be necessary in order to correct an error, irrespective of the provisions of the law creating the agency, has been fully recognized. Referring to the power of the Interstate Commerce Commission to correct its orders, the Supreme Court of the United States in *American Trucking Assns.* v. *Frisco Co.*, 358 U. S. 133 (1958), stated the following:

"It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors of judgments which have issued due to inadvertence or mistake. *Gagnon* v. *United States*, 193 U. S. 451. Rule 60(a) of the Federal Rules of Civil Procedure recognizes this power and specifically provides that '[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.' A similar power is vested in the Interstate Commerce Commission. Section 17(3) of the Act creating the Commission, 49 U.S.C. § 17(3), provides that: 'The Commission shall conduct its proceedings under any provision of law in such manner as will best conduce to the proper dispatch of business and to the ends of justice.' This broad enabling statute, in our opinion, authorizes the correction of inadvertent ministerial errors. To hold otherwise would be to say that once an error has occurred the Commission is powerless to take remedial steps. This would not, as Congress provided, 'best conduce to the ends of justice.' In fact, the presence of authority in administrative officers and tribunals to correct such errors has long been recognized—probably so well recognized that little discussion has ensued in the reported cases. *Bell* v. *Hearne*, 19 How. 252.

"Of course, the power to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in the light of changing policies."

■ In this connection: *Froeber-Norfleet* v. *Southern Ry. Co.*, 9 F. Supp. 409 (D.C.N.D. Ga. 1934) ; *Reo Motors* v. *Commissioner of Internal Revenue*, 219 F.2d 610 (6th Cir. 1955) ; 2 Davis, Administrative Law § 18.09 (1958 ed.) ; 1 Vom Baur, Federal Administrative Law 162 *et seq.*, § 183 *et seq.* (1942) ; Cooper, Administrative Agencies and the Courts 245 (1951) ; Hart, An Introduction to Administrative Law 644 *et seq.* (2d ed. 1950) ; Swenson, Federal Administrative Law 103 *et seq.* (1952) ; Davis, Cases on Administrative Law 654 (1951) ; Note, 10 Syracuse L. Rev. 326 (1959) ; Schopflocher, *The Doctrine of Res Judicata in Administrative Law*, Wis. L. Rev. 5 (1942) ; Weiss, *Administrative Reconsideration*, 28 N.Y.U.L. Rev. 1262 (1953) ; *cf. Baldwin* v. *Milling Co.*, 307 U.S. 478 (1939). But, as stated in American Trucking, the power of an administrative agency to correct its orders and resolutions at any time may not be used in such a way as to affect the stability of the policy enunciated by the administrative agency itself. Such a broad power should be sparingly exercised. *Sprague* v. *Woll*, 122 F.2d 128 (7th Cir. 1941).

■■ In fact, what we are doing is to apply to administrative agencies the same principles contained in the provisions of Rule 60 (a) *supra* of the Rules of Civil Procedure and Rule 49.1 of the Rules of Civil Procedure of 1958, which provides that "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time, of its own initiative or on the motion of any party and after such notice, if any, as the court orders..." *American Trucking Assns.* v. *Frisco Co., supra.* If it has been deemed fair and reasonable to apply it to judgments rendered by the courts of justice, it is still more reasonable to apply it to administrative agencies created precisely to operate without the inflexibility which generally characterizes the courts. See *Heirs of Rosario* v. *Heirs of Cortijo, ante*, p. 653.

Having established the power of the Administrator to reconsider the orders of reimbursement of July 31, and the same having been set aside by resolution of December 26, 1956, a fact which was brought to the attention of the trial judge when passing upon the motion for reconsideration filed by the landlord in the case at bar, the ground on which the summary judgment of December 11, 1956 was based, granting the complaint for triple damages, disappears. *Cf.* 3 Barron and Holtzoff, Federal Practice and Procedure § 1236 (1958) ; *Ammann* v. *Home Investment Co.*, 243 F.2d 748, 758 (9th Cir. 1957).[1]

The judgment will therefore be reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

---

[1] The tenants appealed to the Superior Court from the order of the Administrator setting aside the orders of reimbursement of July 31, civil case 57–38, and the trial judge set aside said order by the same order and, on the same grounds on which the motion for reconsideration was denied in the case of triple damages. The writ of certiorari issued in the case at bar included the review of both cases. The same reasons stated in the opinion reversing the summary judgment entered in the case for triple damages will prevail in setting aside the order entered in the petition

for review filed by the tenants in the Superior Court. The order of the Superior Court, San Juan Part, of May 5, 1957, granting the petition for review, civil case 57-38, will be reversed.